PS

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHARLES GATLING,

      Plaintiff,

  -v-                                      16-CV-0638WMS
                                                          ORDER
E. ARQUITT, M. SHEEN, Doctor JANE
DOE, and Sergeant JOHN DOE,

      Defendants.
_____

## INTRODUCTION

Plaintiff, Charles Gatling, a prisoner confined at Elmira Correctional Facility, filed this *pro se* action seeking relief under 42 U.S.C. § 1983 (Docket No. 1). Plaintiff has both requested permission to proceed *in forma pauperis* and filed a signed Authorization (Docket Nos. 2 and 3). Plaintiff alleges that he was assaulted and sexually abused while in restraints and confined to a wheelchair, then denied medical treatment, as more clearly detailed in his Complaint. For the reasons discussed below, Plaintiff's claims may go forward.

## DISCUSSION

Because Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to this action, Plaintiff is granted permission to proceed *in forma pauperis*. Sections 1915(e)(2)(B) and 1915A(a) of 28 U.S.C. require the Court to conduct an initial screening of this Complaint. In evaluating the Complaint, the Court must accept as true all of the factual allegations and must draw all inferences in Plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam);

*King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999).  While "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis,* 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure.  *Wynder v. McMahon*, 360 F.3d 73 (2d Cir. 2004).  "Specific facts are not necessary," and the plaintiff "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Erickson v. Pardus*, 551 U.S. 89, 93, (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted); *see also Boykin v. Keycorp*, 521 F.3d 202, 213 (2d Cir. 2008) (discussing pleading standard in *pro se* cases after *Twombly* - "even after *Twombly*, dismissal of a pro se claim as insufficiently pleaded is appropriate only in the most unsustainable of cases.").

Plaintiff brings this action pursuant to 42 U.S.C. § 1983.  "To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. Cnty. of Fulton*, 126 F.3d 400, 405 (2d. Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir. 1994)).  Based on its evaluation of the Complaint, the Court finds that Plaintiff's claims may go forward.

Plaintiff alleges excessive use of force against Defendants Arquitt, Sheen, and Sergeant John Doe occurring on December 12, 2014 at Five Points Correctional Facility.  It is well-settled that "the core judicial inquiry for determining whether prison officials have violated the Eighth Amendment by using excessive physical force is

whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992) (citing *Whitley v. Albers*, 475 U.S. 312 (1986)).  Here, Plaintiff alleges that he was seated in a wheelchair and further restricted by waistchain restraints when Defendants Arquitt and Sheen punched him repeatedly in the face in response to a verbal exchange with Plaintiff.  When Plaintiff requested to see the block Sergeant, Arquitt, Sheen, and the Sergeant then instructed Plaintiff not to inform the nurse concerning the assault, and continued to attempt to suppress Plaintiff's report of the actions of Defendants Arquitt and Sheen.  Plaintiff's claims of excessive force may go forward against Defendants Arquitt, Sheen, and Sergeant John Doe.

Plaintiff raises a claim of inadequate medical care against Defendant Jane Doe, variously described as either a doctor or a nurse.  Here, Plaintiff claims that the denial of medical care was in the immediate aftermath of the use of excessive force, and intended to avoid documenting his injuries, indicating deliberate indifference to his medical needs on the part of Defendant.  *See Estelle v. Gamble*, 429 U.S. 97, 104-5 (1976).  Plaintiff's claim of denial of medical care for failure to treat his injuries may go forward against Defendant Jane Doe.

Plaintiff has also alleged sexual abuse against Defendants Arquitt and Sheen.  Specifically, Plaintiff alleges that, immediately following the previously described assault, Defendant Arquitt forced his bare hands down the back of Plaintiff's pants while Defendant Sheen stood watch and Plaintiff "attempted to wiggle away" for approximately two minutes.  (Docket No. 1 p. 8-9.)  Plaintiff's claim of sexual abuse against Defendants Arquitt and Sheen may go forward.  *Boddie v. Schnieder*, 105 F.3d

3

857, 861 (2d Cir. 1997) ("allegations of [sexual] abuse are cognizable as Eighth Amendment claims").

Finally, Plaintiff makes a claim against Defendant John Doe under the Eighth Amendment, which requires prison officials to take reasonable measures to guarantee the safety of inmates in their custody. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). The assessment of whether or not the measures taken are reasonable turns on an analysis of two factors. First, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Id.*, 511 U.S. at 834. Second, the officials must be shown to have demonstrated a deliberate indifference to the inmate's safety. *Id.* Deliberate indifference must be measured subjectively, that is,

> a prison official cannot be found liable under the Eighth Amendment ... unless the official knows of and disregards an excessive risk to [the] inmate['s] health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id.*, 511 U.S. at 837. Here, Plaintiff alleges that Sergeant Doe was made aware of the earlier attacks, and sought to affirmatively cover up the events having been made aware of them. Plaintiff's allegations, assumed to be true at this stage, are sufficient to permit his claim of failure to protect to proceed against Defendant John Doe. *See e.g. Phelps v. Kapnolas*, 308 F.3d 180, 186-7 (2d Cir. 2002).

In his Complaint, Plaintiff lists Sergeant John Doe and nurse/doctor Jane Doe as Defendants. Pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997) (per curiam), the Court requests that the New York State Attorney General's Office ascertain the full names of the John Doe and Jane Doe Defendants Plaintiff seeks to sue. The Attorney General's Office is also requested to provide the addresses where all of the John or

Jane Doe Defendants can currently be served. The Attorney General's Office need not undertake to defend or indemnify these individuals at this juncture. This order merely provides a means by which Plaintiff may name and properly serve the Defendants as instructed by the Second Circuit in *Valentin*.

The New York State Attorney General's Office is hereby requested to produce the information specified above regarding the identities of the John Doe Defendants by 35 days from the date of this Order. Once this information is provided, Plaintiff's Complaint shall be deemed amended to reflect the full names of the Defendants, summonses shall be issued and the Court directs service on the Defendants.

## **ORDER**

IT HEREBY IS ORDERED, that Plaintiff's motion to proceed *in forma pauperis* is granted;

FURTHER, that the Clerk of Court is directed to strike Docket No. 4 as docketed in error, and vacate the Judgment (Docket No. 5);

FURTHER, that due to the nature of some of the allegations, the Clerk of Court is directed to restrict access to Docket No. 1 to the parties and court users;

FURTHER, that the Clerk of Court is directed to forward a copy of this Order by email to Michael Russo, Assistant Attorney General in Charge, Buffalo Regional Office <Michael.Russo@ag.ny.gov>;

FURTHER, that the Clerk of Court is directed to file the pleadings and cause the United States Marshal to serve copies of the Summons, Complaint (Docket No. 1), and

this Order upon the named Defendants without Plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in Plaintiff's favor;

FURTHER, pursuant to 42 U.S.C. § 1997e(g)(2), Defendants are directed to answer the Complaint.

SO ORDERED.

/s/William M. Skretny
William M. Skretny
United States District Judge

DATED:   September 22, 2016

Buffalo, NY