UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHARLES GATLING,                                          **REPORT AND**
                                                                          **RECOMMENDATION**

v.                            Plaintiff,                    16-CV-0638-WMS-JJM

E ARQUITT, *et al.*,

                              Defendants.
_____

           Plaintiff commenced this 42 U.S.C. §1983 action *pro se* alleging various claims arising from his incarceration at the Five Points Correctional Facility. Complaint [1].[1] Before the court is defendants' unopposed motion to dismiss the action for failure to prosecute, pursuant to Fed. R. Civ. P. ("Rules") 37 and 41(b) [66], which has been referred to me for preparation of a Report and Recommendation [67]. Having reviewed the submissions [66, 70, 71], I recommend that the action be dismissed, with prejudice.


## BACKGROUND

           The parties' familiarity with the factual allegations and background of this action is presumed. On September 1, 2017 defendants served plaintiff with their First Set of Interrogatories ([62-2], pp. 1-3 of 12 (CM/ECF)) and First Request for Production of Documents. Id., pp. 6-9 of 12 (CM/ECF). Belka Declaration [62-1], ¶¶2, 4. When no responses were received, by letter dated April 13, 2018 defendants' counsel requested plaintiff to respond to the outstanding discovery requests by April 23, 2018, failing which he would move to compel and

---

[1]      Bracketed references are to the CM/ECF docket entries. Unless otherwise indicated, page references are to numbers reflected on the documents themselves rather than to the CM/ECF pagination.

seek "sanctions including dismissal for failure to prosecute this case". [62-2], p. 12 of 12 (CM/ECF).   When the discovery was not received by that deadline, defendants moved to compel [62] and for sanctions. Belka Declaration [62-1], ¶8. I set a briefing schedule on that motion, requiring plaintiff's response to be filed by May 11, 2018. April 26, 2018 Text Order [64]. When plaintiff failed to file a response to the motion, defendants filed their motion to dismiss for failure to prosecute [66].

Since plaintiff did not respond to defendants' motion to compel, I granted that motion, and directed plaintiff to "serve his response to defendants' First Set of Interrogatories and First Request for Production of Documents by June 20, 2018, failing which I will recommend that the Complaint be dismissed". May 21, 2018 Text Order [68]. By the June 20, 2018 deadline, I also directed plaintiff to respond to defendants' motion to dismiss for failure to prosecute [66], and similarly cautioned plaintiff that I would recommend that the motion be granted if he failed to respond. May 21, 2018 Text Order [68].

All of my orders, including my May 21, 2018 Text Order [68], were mailed to plaintiff at the address he provided,[2] and none have been returned as undeliverable. However, as of June 26, 2018, defendants had received no response to either their discovery requests or motion to dismiss [71]. To date, the court has also not received any responses from plaintiff.

---

[2]    I specifically cautioned plaintiff of the requirement of L.R. Civ. P. 5.2(d) that "a *pro se* litigant must inform the Court immediately, in writing, of any change of address. Failure to do so may result in dismissal of the case, with prejudice". December 15, 2017 Text Order [56]. Consistent with that requirement, at the March 15, 2018 conference plaintiff provided a new address to be used following his impending release from prison. March 15, 2018 minute entry [60]. He has not provided notice of a further change of address.

## ANALYSIS

### A.     Dismissal Pursuant to Rule 41(b)

Defendants move for dismissal for failure to prosecute pursuant to Rule 41(b), which states that an action may be dismissed "[i]f the plaintiff fails to prosecute or to comply with . . . a court order". A *pro se* litigant's complaint may only be dismissed for a failure to prosecute "when the circumstances are sufficiently extreme". Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996). In determining whether dismissal is warranted, I must consider the following factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." Id. Additionally, "even when a court issues a notice of a possible dismissal and a plaintiff fails to comply with the court's directive, the court must still make a finding of willfulness, bad faith, or reasonably serious fault by evaluating those criteria". Baptiste v. Sommers, 768 F.3d 212, 217 (2d Cir. 2014).

### 1.     The Duration of the Non-Compliance

Plaintiff's non-compliance with his discovery obligations has lasted since at least October 2017, when his responses were due, and has continued notwithstanding my direction that the produce the outstanding discovery by June 20, 2018. May 21, 2018 Text Order [68]. "[T]here is no end in sight to this current delay because [p]laintiff has continued to fail to remedy

this deficiency despite having notice." <u>Paige v. Lacoste</u>, 2014 WL 4804866, *10 (E.D.N.Y. 2014). The duration of his failure to produce discovery, without excuse, favors dismissal. *See* <u>id</u>. (finding a six-month long failure to respond to interrogatories to be a significant duration).

### 2.    Notice of the Consequences of Non-Compliance

Plaintiff has received sufficient warnings concerning the consequences of his inaction.   He was warned by Mr. Belka that sanctions, including dismissal, would be sought for his failure to comply with his discovery obligations. [62-2], p. 12 of 12 (CM/ECF). He also received my warning that his failure to respond to the defendants' discovery demands or motion to dismiss would result in me recommending that the action be dismissed. May 21, 2018 Text Order [68]. Therefore, this factor weighs in favor of dismissal. *See* <u>Hamilton v. City of Lockport</u>, 2005 WL 975871, *3 (W.D.N.Y. 2005) (finding that the plaintiff received adequate notice where, *inter alia*, "[d]efendants' letters to Plaintiff regarding their pending discovery demands warned that Defendants would seek dismissal of Plaintiff's case if he continued to remain unresponsive" and the "scheduling    order . . . warned Plaintiff that Defendants' motion to dismiss . . . could be granted as uncontested if he failed to respond in opposition to it").

### 3.    Prejudice from Further Delay

Plaintiff's "failure to respond in any way to [defendants'] discovery requests certainly prejudiced [defendants] by undermining [their] ability to prepare defenses against [plaintiff's] claims". <u>Pena v. Chocolate</u>, 2012 WL 3957474, *4 (S.D.N.Y. 2012). Therefore, this factor also weighs in favor of dismissal.

**4.      Balancing the Court's Calendar with Plaintiff's Right to Due Process**

This factor requires me to "strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard". Alvarez v. Simmons Market Research Bureau, Inc., 839 F.2d 930, 932 (2d Cir. 1988). Plaintiff has been warned about the consequences for failing to respond to the outstanding discovery. Plaintiff has also had a fair opportunity to produce the discovery or argue why dismissal is not warranted. However, he has done neither. Thus, even if the plaintiff's conduct has not had a significant effect on the court's calendar congestion, "[p]laintiff's own failure to litigate this matter is not a denial of due process". Lee v. Green, 2015 WL 5714234, *4 (W.D.N.Y. 2015).

**5.      Efficacy of Lesser Sanctions**

I have considered the imposition of lesser sanctions, but find that they would be ineffective. Since plaintiff "is proceeding *in forma pauperis* . . . it can be presumed he would be unable to pay a monetary sanction". Byrne v. Trudell, 2014 WL 2967598, *3 (D. Vt. 2014). Therefore, I conclude that dismissal of this action, with prejudice, is the most appropriate sanction.

Based upon the consideration of these factors, and in the absence of any excuse by plaintiff for his nonfeasance, I conclude that his failure to prosecute this case has been willful, and recommend that this case be dismissed, with prejudice, pursuant to Rule 41(b).

**B.**    **Dismissal Pursuant to Rule 37**

Relevant here, the sanction of dismissal pursuant to Rule 37(b)(2)(A)(v), is available for a party's failure to comply with a court order to produce discovery.    "Although Rule 41(b). . . governs dismissals based on plaintiff's failure to prosecute, it is appropriate to be guided by those factors which courts consider before dismissing a case under Rule 41(b) prior to dismissing the case under Rule 37." Banjo v. United States, 1996 WL 426364, *5 (S.D.N.Y. 1996). *See* Aguilar v. Kirschenbaum & Phillips, P.C., 2012 WL 1744852, *3 (E.D.N.Y. 2012) ("[t]here is little distinction whether a dismissal is made pursuant to Rule 37(b) or Rule 41(b)"). Therefore, for the reasons discussed above, dismissal would be at least equally appropriate under Rule 37 for plaintiff's failure to comply with my May 21, 2018 Text Order [68] that he produce the outstanding discovery by June 20, 2018.

## CONCLUSION

For these reasons, I recommend that defendants' motion [66] be granted, and that the action be dismissed, with prejudice. Unless otherwise ordered by Judge Skretny, any objections to this Report and Recommendation must be filed with the clerk of this court by July 16, 2018.

Any requests for extension of this deadline must be made to Judge Skretny.    A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Local Rules 72(b) and (c), written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

DATED: June 27, 2018

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge